THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

CASE NO.: 8:23-cv-00784-WFJ-JSS

KRISTA LANE KIMELTON

    Plaintiff,

v.

TRIBE EXPRESS, INC. and
WAYNE LAMONTE JOHNSON,

    Defendants.

_____/

## TRIBE EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, TRIBE EXPRESS, INC. (hereinafter "Defendant" or "this Defendant"), by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof states:

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that the amount in controversy exceeds $50,000, otherwise the allegations in paragraph 1 are denied.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant states that it is without knowledge to admit or deny this paragraph, and therefore must deny same and demands strict proof thereof at the trial for this cause.

3. Defendant admits that its principal place of business is in Georgia; otherwise, the allegations in paragraph 3 of Plaintiff's Complaint are denied and strict proof thereof is demanded at the trial for this cause.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint based upon information and belief.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendant admits that it owned a motor vehicle that was being operated with this Defendant's consent by Wayne Lamonte Johnson on January 8, 2022; otherwise, Defendant states that it is without knowledge to admit or deny the remainder of the allegations in paragraph 5, and therefore must deny same and demands strict proof thereof at the trial for this cause.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause

## COUNT I
## VICARIOUS LIABILITY CLAIM AGAINST TRIBE EXPRESS, INC.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant realleges its responses to paragraphs 1 through 8 *in haec verba*.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

## COUNT II
## NEGLIGENCE AGAINST WAYNE LAMONTE JOHNSON

15. This Defendant does not respond to the allegations contained in paragraphs 15 through 19 of Plaintiff's Complaint, as the allegations therein are directed to another Defendant. To the extent any of the allegations in paragraphs 15 through 19 are deemed directed to this Defendant, these allegations are denied, and strict proof thereof is demanded at the trial of this cause.

## COUNT III
## NEGLIGENT HIRING AGAINST TRIBE EXPRESS, INC.

16. In response to paragraph 20 of Plaintiff's Complaint, Defendant realleges its responses to paragraphs 1 through 19 *in haec verba*.

17. Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

19. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

20. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

21. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

22. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

23. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

24. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

25. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

26. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

## COUNT IV
## NEGLIGENT RETENTION AGAINST TRIBE EXPRESS, INC.

27. Defendant realleges its responses to paragraphs 1 – 30 *in haec verba* in response to paragraph 31 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

29. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

30. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

31. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

32. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint and demands strict proof thereof at the trial for this cause.

## AFFIRMATIVE DEFENSES

1. By and for its First Affirmative Defense, Defendant asserts that the Plaintiff was comparatively negligent. Any recovery herein must be reduced by an amount equivalent to the Plaintiff's degree of negligence.

2. By and for its Second Affirmative Defense, Defendant asserts that the Plaintiff is entitled to receive, has received or, in the future, may receive

compensation for injury and damages sustained from collateral sources and this Defendant claims a set-off for said compensation pursuant to applicable Florida law.

3. By and for its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate damages in this case, which failure to mitigate should reduce her claim for damages in direct proportion thereto.

4. By and for its Fourth Affirmative Defense, Defendant alleges that any damages and/or injuries allegedly sustained by the Plaintiff were caused due to the negligent acts of third parties over whom this Defendant had no control.

5. By and for its Fifth Affirmative Defense, Defendant alleges that the Plaintiff's claimed injuries or damages were a result of a pre-existing medical condition or conditions and are unrelated to any act or omission of Defendant.

6. By and for its Sixth Affirmative Defense, Defendant contends that the Plaintiff failed to use an available and operational seatbelt, which, if used, would have prevented or lessened the alleged injuries claimed by the Plaintiff in this action. The Plaintiff's damages, if any, should therefore be reduced by the percentage which would have been prevented had the Plaintiff worn her seatbelt.

7. By and for its Seventh Affirmative Defense, Defendant contends that the Plaintiff's claimed injuries fail to satisfy the threshold of the Florida Automobile Reparations Reform Act and Plaintiff's claims, as a result, therefore, are barred pursuant to Florida Statute § 627.737, *et. seq*.

8. By and for its Eighth Affirmative Defense, Defendant contends that the Plaintiff's Complaint fails to state causes of action under Florida law.

9. By and for its Ninth Affirmative Defense, Defendant contends that this accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, persons, or employers, pursuant to the Florida Supreme Court decision of <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993).  In compliance with <u>Nash v. Wells Fargo Guard Services, Inc.</u>, 678 So.2d 1262 (Fla. 1996), this Defendant will identify any non-party individual and/or entity that is wholly or partially responsible for the Plaintiff's alleged damages before trial.  Defendant reserves the right to identify any additional individuals or entities responsible for the Plaintiff's alleged damages, in whole or in part, as they are revealed through discovery in this case.

10. By and for its Tenth Affirmative Defense, Defendant contends that Plaintiff caused her own alleged injuries and damages and therefore Defendant bears no responsibility or legal liability for said alleged injuries and damages.

11. By and for its Eleventh Affirmative Defense, Defendant contends that it is entitled to a set-off from the amount of any judgment to which the Plaintiff would be otherwise entitled because of any release or convent not to sue any person, firm or corporation in partial satisfaction of Plaintiff's damages, per § 768.041.

12. By and for its Twelfth Affirmative Defense, Defendant asserts any and all available rights, defenses and affirmative defenses available under the new Florida Tort Reform Act (House Bill 837 signed into law on March 24, 2023).

13. By and for its Thirteenth Affirmative Defense, Defendant contends and affirmatively states that it is entitled to any and all rights and privileges under the federal preemption doctrine.

14. By and for its Fourteenth Affirmative Defense, Defendant affirmatively pleads all rights to which it is entitled under The Graves Amendment (42 U.S.C. §30106).

15. By and for its Fifteenth Affirmative Defense, Defendant affirmatively pleads all rights, defenses and presumptions available to it under Fla. Stat. § 324.021 including, but not limited to, the limitations of liability set forth therein.

16. By and for its Sixteenth Affirmative Defense, Defendant contends that Plaintiff's allegations against this Defendant relating to alleged active negligence of this Defendant are duplicative and therefore fail to state a cause of action, pursuant to the authority of <u>Clooney v. Geeting</u>, 352 So. 2d 1216 (Fla. 2d DCA 1977).

17. By and for its Seventeenth Affirmative Defense, Plaintiff has failed to establish the elements of a claim for negligent hiring or negligent retention against this Defendant, and therefore Counts III and VI should be dismissed.

18. By and for its Eighteenth Affirmative Defense, Defendant asserts that Plaintiff's claimed damages are unrelated to any act or omission of Defendant.

19. Defendant reserves the right to add affirmative defenses as discovery and investigation continues.

## DEMAND FOR JURY TRIAL

Defendant, TRIBE EXPRESS, INC. demands a trial by jury as to all issues triable by jury as a matter of right.

**WHEREFORE**, the Defendant, TRIBE EXPRESS, INC., respectfully request this Court to enter an Order dismissing this cause with prejudice, requests taxable costs, and further demands trial by jury as to all issues triable by jury as a matter of right.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4098
Facsimile (904) 672-4050
Primary e-mail: sami.achem@csklegal.com
Alternate e-mail: Kathryn.mcmorrow@csklegal.com
Elinor.Bozzone@csklegal.com
Secondary e-mail: john.darnell@csklegal.com

By:   /s/ Sami R. Achem, Jr.
        SAMI R. ACHEM, JR.
        Florida Bar No.: 93892

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4098
Facsimile (904) 672-4050
Primary e-mail: sami.achem@csklegal.com
Alternate e-mail:
Kathryn.mcmorrow@csklegal.com
Elinor.Bozzone@csklegal.com
Secondary e-mail:
john.darnell@csklegal.com

By:   /s/ Sami R. Achem, Jr.
         SAMI R. ACHEM, JR.
         Florida Bar No.: 93892